Douglas D. Phelps
Phelps & Associates, P.S.
2903 N. Stout Road
Spokane, WA 99206
Phone: (509)892-0467
Fax: (509)921-0802

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GAYLE ROBERT ANEST, a single person;<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SPOKANE COUNTY, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, individually and in his official capacity, SPOKANE VALLEY POLICE DEPARTMENT, DEPUTY JEFFREY THURMAN, individually and in his official capacity, DEPUTY SPENCER RASSIER, individually and in his official capacity, DEPUTIES JOHN & JANE DOES 1-10, and JUSTIN ANEST, a single person;<br><br>　　　　　　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT** |

　　　　COMES NOW the Plaintiff, GAYLE ROBERT ANEST, by and through his attorney, DOUGLAS D. PHELPS of PHELPS & ASSOCIATES, P.S., and for a cause of action against the Defendants above-named alleges as follows:

**I. INTRODUCTION**

　　　　1.1　　This is a civil action seeking compensatory and punitive damages against the Defendants for police brutality, excessive force, false arrest and for committing acts under color

COMPLAINT - 1

of law, depriving the Plaintiff of rights secured by the United States Constitution and the laws of the United States. Defendants DEPUTY JEFFREY THURMAN, DEPUTY SPENCER RASSIER, and DEPUTIES JOHN & JANE DOES 1-10, while acting in their capacity as employees of the Spokane County SHERIFF'S OFFICE, acted to deprive the Plaintiff of his constitutional rights.

1.2     Additionally, the acts of SPOKANE COUNTY, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE VALLEY POLICE DEPARTMENT, DEPUTY JEFFREY THURMAN, DEPUTY SPENCER RASSIER and DEPUTIES JOHN & JANE DOES 1-10 violated the Plaintiff's rights pursuant to the United States Constitution, 42 U.S.C. Section 1983 and 1988, under the Civil Rights Act of 1971, the Washington State Constitution, the Revised Code of Washington, and the common law.

1.3     Additionally, the Plaintiff seeks compensation for false and slanderous misrepresentations made to police dispatch and officers regarding Mr. GAYLE ROBERT ANEST being armed with a weapon by Defendant JUSTIN ANEST.

1.4     The Plaintiff, an elderly male, was injured repeatedly after he was aggressively and without authority of law restrained, handcuffed, pushed onto the ground and arrested by several law enforcement officers.

## II. JURISDICTION AND VENUE

2.1     This action is brought pursuant to 42 USC Section 1983 and 1988, under the Civil Rights Act of 1971, alleging that the Defendants acted under the color of law, depriving the Plaintiff of his rights, privileges, and immunities as guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

2.2     This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

2.3     All acts and omissions complained of occurred in the Eastern District of the State of Washington.

2.4     Plaintiff GAYLE ROBERT ANEST is and was at all times relevant hereto an elderly resident (69 years old at time of the incidents alleged herein) of Spokane County, Washington.

2.5     Defendant JUSTIN ANEST was at all times relevant hereto a resident of Spokane County, Washington.

2.6     Defendants SPOKANE COUNTY, SPOKANE COUNTY SHERIFF'S OFFICE and SPOKANE VALLEY POLICE DEPARTMENT are governmental entities located in Spokane County, Washington.

2.7     Defendant SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH is and was the elected Sheriff of Spokane County, Washington.

2.8     Defendants DEPUTY JEFFREY THURMAN, individually and in his official capacity, DEPUTY SPENCER RASSIER, individually and in his official capacity, and DEPUTIES JOHN & JANE DOES 1-10, are residents of Spokane County, Washington, and were all law enforcement officers employed by the SPOKANE COUNTY SHERIFF'S OFFICE at all times relevant to this action.

2.9     All defendants are believed to reside in Spokane County, Washington.

2.10    The venue is proper in the Eastern District of the State of Washington under 28 U.S.C. Section 1391 in that the Defendants and Plaintiff reside in, and the cause of action arises in, the Eastern District of Washington.

### III. PARTIES

3.1    The Plaintiff, GAYLE ROBERT ANEST is an elderly male adult (age 69) resident of the State of Washington, in the United States of America.

3.2    The Defendant JUSTIN ANEST is and was a resident of Spokane County, Washington.

3.3    The Defendant, SPOKANE COUNTY, is a local county government in the State of Washington, United States of America.

3.4    The Defendants, SPOKANE COUNTY SHERIFF'S OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT, are agencies of the Spokane County government in Spokane County, State of Washington, United States of America.

3.5    Defendant SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, individually and in his official capacity, is and was the elected Sheriff of Spokane County, Washington and is the public official responsible for supervising the below named deputy sheriffs.

3.6    Defendants DEPUTY JEFFREY THURMAN, individually and in his official capacity, DEPUTY SPENCER RASSIER, individually and in his official capacity, and DEPUTIES JOHN & JANE DOES 1-10, individually and in their official capacities, were duly sworn law enforcement officers employed by the SPOKANE COUNTY SHERIFF'S OFFICE.

### IV. FACTUAL HISTORY

4.1    On or about May 12, 2016, GAYLE ROBERT ANEST drove to his son JUSTIN ANEST's residence located at 13204 E. 9th Avenue in Spokane Valley, Washington.

4.2    Prior to GAYLE ROBERT ANEST's arrival at his son's residence, JUSTIN ANEST had told GAYLE ROBERT ANEST on the phone that he had wrecked a truck GAYLE ROBERT ANEST had allowed him to borrow.

4.3     This instigated an argument between father and son, resulting in GAYLE ROBERT ANEST becoming upset with his son and not believing him, because he had not been truthful with him on several previous occasions.

4.4     When GAYLE ROBERT ANEST arrived at his son's residence, his truck was parked on the street and it had not been wrecked as his son had told him.

4.5     JUSTIN ANEST refused to give GAYLE ROBERT ANEST the keys to his truck. GAYLE ROBERT ANEST and JUSTIN ANEST continued to argue: GAYLE ROBERT ANEST demanding his truck back, and JUSTIN ANEST yelling and refusing to give GAYLE ROBERT ANEST the keys to his truck.

4.6     JUSTIN ANEST finally showed the truck keys to GAYLE ROBERT ANEST, then inserted the key into the ignition and broke off the key in the ignition, leaving part of the key inside the ignition and retaining the head of the key.

4.7     GAYLE ROBERT ANEST then arranged for his truck to be towed.

4.8     GAYLE ROBERT ANEST was concerned that his son JUSTIN ANEST would attempt to interfere with the tow truck driver towing the truck away, so he was preparing to contact law enforcement to come out and oversee the situation.

4.9     GAYLE ROBERT ANEST had his cell phone in his hand, preparing to call the police when suddenly, a Spokane County Sheriff's Deputy, later identified as DEPUTY JEFFREY THURMAN, pulled up and parked across the street.

4.10    Eyewitnesses, observing from a further distance than Deputy Thurman, observed and identified a cell phone in GAYLE ROBERT ANEST's hand.

4.11    GAYLE ROBERT ANEST was surprised when he saw the Deputy arrive, but assumed that neighbors had summoned the police when they heard his son yelling and arguing

about the truck, or that his insurance company had alerted the police due to his request of them to do so.

4.12  GAYLE ROBERT ANEST began walking towards DEPUTY JEFFREY THURMAN, informing him that he was just about to call law enforcement for assistance.

4.13  As GAYLE ROBERT ANEST spoke to DEPUTY JEFFREY THURMAN, he displayed the cell phone in his right hand to the Deputy, and even pointed to it as he walked towards him.

4.14  DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER arrived on scene and acting under color of law but without reasonable suspicion or other lawful authority ordered GAYLE ROBERT ANEST to show his hands.

4.15  As GAYLE ROBERT ANEST walked towards DEPUTY JEFFREY THURMAN, DEPUTY JEFFREY THURMAN said something that GAYLE ROBERT ANEST could not hear or understand because GAYLE ROBERT ANEST has diagnosed bilateral hearing loss.

4.16  GAYLE ROBERT ANEST, had he been given an opportunity, would have explained to DEPUTY JEFFREY THURMAN that he had a hearing impairment, and could not hear DEPUTY JEFFREY THURMAN.

4.17  GAYLE ROBERT ANEST was then immediately tackled to the ground by DEPUTY JEFFREY THURMAN, with DEPUTY JEFFREY THURMAN accusing GAYLE ROBERT ANEST of resisting.

4.18  DEPUTY SPENCER RASSIER grabbed GAYLE ROBERT ANEST's right leg and pulled it towards GAYLE ROBERT ANEST's body, knocking him back down onto the ground face first.

COMPLAINT - 6

4.19    GAYLE ROBERT ANEST then went face down onto the ground, at which time he was handcuffed behind his back.

4.20    GAYLE ROBERT ANEST was then attacked and assaulted by more officers coming onto the scene, and GAYLE ROBERT ANEST was pushed again face first onto the ground, partly on the cement curb, and partly on a neighbor's lawn.

4.21    DEPUTY JEFFERY THURMAN twisted GAYLE ROBERT ANEST's right arm back and upwards while another officer's knee pushed hard into the right side of GAYLE ROBERT ANEST's neck.

4.22    Another officer pushed hard into GAYLE ROBERT ANEST's lower back while GAYLE ROBERT ANEST's left shoulder was forced into the ground.

4.23    These actions by the officers caused severe and excruciating pain to elderly GAYLE ROBERT ANEST. GAYLE ROBERT ANEST was told to "quit resisting and relax" as an officer's knee plunged into the right side of GAYLE ROBERT ANEST's ribcage.

4.24    GAYLE ROBERT ANEST was not resisting; he was in a great deal of pain due to officers on his neck and back, and incredibly fearful of serious bodily harm and injury, or even death.

4.25    GAYLE ROBERT ANEST told the officers that he was not resisting, and that he wasn't able to move his arm the way they were ordering and forcing him to move it, due to a previous injury.

4.26    GAYLE ROBERT ANEST's right arm was twisted into a painful and unnatural position, one of the Deputies pushed their knee into the right side of GAYLE ROBERT ANEST's neck, another Deputy pushed into GAYLE ROBERT ANEST's lower back as his left shoulder was forced to the ground.  The acts of DEPUTY JEFFREY THURMAN and DEPUTY

COMPLAINT - 7


SPENCER RASSIER were done with deliberate and reckless disregard of the injury to GAYLE ROBERT ANEST.

4.27    GAYLE ROBERT ANEST was pushed face first onto the ground when DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER were restraining him.

4.28    GAYLE ROBERT ANEST was handcuffed behind his back and was physically assaulted in the right side of his ribcage area.

4.29    GAYLE ROBERT ANEST asked for the Deputies to stop pushing his face into the cement curb and didn't want his brand new pair of eyeglasses to be destroyed.

4.30    DEPUTY JEFFREY THURMAN threatened to "sick" his K9 dog on GAYLE ROBERT ANEST.

4.31    GAYLE ROBERT ANEST sustained multiple injuries to his neck, face, back, ribcage, right arm, and both shoulders.

4.32    GAYLE ROBERT ANEST, who has diabetes, began to feel ill and have a diabetic episode.

4.33    The officers contacted medical services, who came and checked GAYLE ROBERT ANEST's blood sugar levels, which came back at very high levels.

4.34    A neighbor provided a glass of orange juice to GAYLE ROBERT ANEST but his diabetic condition did not markedly improve.

4.35    It was after medical personnel cleared GAYLE ROBERT ANEST and left, when GAYLE ROBERT ANEST discovered that his son JUSTIN ANEST had contacted the authorities, falsely reporting that GAYLE ROBERT ANEST had a gun and had threatened to harm JUSTIN ANEST.

4.36   Dispatch and law enforcement officers knew JUSTIN ANEST to have a history of calling 911 and falsely reporting individuals had firearms so that police would respond to the scene faster.

4.37   GAYLE ROBERT ANEST discovered through further examination with his physician that he had two rotator cuff tears in his right shoulder.

4.38   GAYLE ROBERT ANEST has suffered, and continues to suffer, from ongoing pain due to the injuries he sustained in this incident where officers used unnecessary and excessive force in unlawfully restraining him.

4.39   SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH failed to have proper procedures or protections in place to adequately document or investigate injuries to arrestees.

4.40   SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH failed to have proper procedures in place to assure that other deputies would take steps to protect citizens from assaultive behavior by fellow officers.

4.41   DEPUTY JEFFREY THURMAN, DEPUTY SPENCER RASSIER, and DEPUTIES JOHN & JANE DOES 1-10 failed to preserve video recordings of the incident or protect the recordings from being destroyed.

4.42   GAYLE ROBERT ANEST ultimately was never charged with a crime as all of the allegations including resisting arrest and threatening/domestic dispute with a deadly weapon, were unfounded and lacked probable cause.

### V. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW PURSUANT TO 42 USC 1983 (THE CIVIL RIGHTS ACT)

Plaintiff GAYLE ROBERT ANEST re-alleges and incorporates paragraphs 4.1 to 4.42 as paragraphs 5.1 to 5.42.

5.43    The Defendants caused or failed to prevent injury to GAYLE ROBERT ANEST in violation of his rights under 42 USC 1983.

5.44    The Defendants failed to properly investigate the allegations against GAYLE ROBERT ANEST, causing GAYLE ROBERT ANEST to be falsely arrested and excessive force used to subdue him, injuring him and causing damages to be sustained.

5.45    That the Defendants SPOKANE COUNTY and SPOKANE COUNTY SHERIFF'S OFFICE and SPOKANE VALLEY POLICE DEPARTMENT by custom, policy, or practice caused the injury to GAYLE ROBERT ANEST.

5.46    As a result of the deprivations and violations to GAYLE ROBERT ANEST's rights, GAYLE ROBERT ANEST suffered and continues to suffer injury and as a result of this false arrest and injuries including but not limited to physical, psychological, and emotional.

5.47    GAYLE ROBERT ANEST was approached by DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER in the 13000 block of 9th Avenue in Spokane Valley, Washington without reasonable suspicion.

5.48    His false arrest and forcible detention was without cause and was partly due to the misleading police report made to law enforcement by his son, Justin Anest that involved negligent and slanderous statements about GAYLE ROBERT ANEST.

5.49    Despite this, DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER used excessive force in their unlawful arrest and detention of GAYLE ROBERT ANEST in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

5.50    DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER unlawfully and excessively forced GAYLE ROBERT ANEST onto the ground in an overly

COMPLAINT - 10

aggressive manner without provocation in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

5.51    DEPUTY JEFFREY THURMAN unlawfully searched GAYLE ROBERT ANEST without reasonable suspicion, probable cause or permission from GAYLE ROBERT ANEST in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

5.52    GAYLE ROBERT ANEST was unlawfully detained, physically assaulted, and Deputies used unnecessary and excessive force in their interaction with GAYLE ROBERT ANEST in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

5.53    As a result of the actions or inactions of DEPUTY JEFFREY THURMAN, DEPUTY SPENCER RASSIER, and DEPUTIES JOHN & JANE DOES 1-10, GAYLE ROBERT ANEST suffered and continues to suffer injury, including but not limited to, injuries that are physical, psychological, and emotional.

**VI. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO THE CONSTITUTION OF THE UNITED STATES AND THE WASHINGTON STATE CONSTITUTION**

Plaintiff GAYLE ROBERT ANEST re-alleges and incorporates paragraphs 4.1 to 4.42 as paragraphs 6.1 to 6.42.

6.43    The Defendants acted with reckless and callous indifference to GAYLE ROBERT ANEST's rights and failed to prevent injury to GAYLE ROBERT ANEST which was a violation of his rights pursuant to Article I Section 3, 7, 14, and 35 of the Washington State Constitution and the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

COMPLAINT - 11

6.44   That SPOKANE COUNTY and SPOKANE COUNTY SHERIFF'S OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT by custom, policy, or practice caused the deprivation of the rights of GAYLE ROBERT ANEST by continually using force beyond that which is necessary to subdue non-violent suspects and citizens reporting crimes, and such action is sanctioned by superiors within the Department and Spokane County and is the moving force depriving the Plaintiff of his constitutional rights.

6.45   That as a result of the violations to GAYLE ROBERT ANEST's Washington State and United States Constitutional Rights, GAYLE ROBERT ANEST suffered and continues to suffer injury as a result of his detainment and injuries.

## VII. CAUSE OF ACTION FOR NEGLIGENT INVESTIGATION

Plaintiff GAYLE ROBERT ANEST re-alleges and incorporates paragraphs 4.1 to 4.42 as paragraphs 7.1 to 7.42.

7.43   That DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER failed to conduct an investigation prior to aggressively and physically attacking Plaintiff GAYLE ROBERT ANEST.

7.44   That DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER failed to consider that an elderly citizen could be suffering from physical inflictions including hearing impairment, diabetes and other ailments before aggressively attacking Plaintiff GAYLE ROBERT ANEST.

7.45   That DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER failed to make efforts to de-escalate the contact prior to physically assaulting an elderly citizen.

7.46    That DEPUTY JEFFREY THURMAN, after GAYLE ROBERT ANEST was restrained, continued to inflict emotional injury by threatening GAYLE ROBERT ANEST with his K9 dog.

7.47    That the acts of DEPUTY JEFFREY THURMAN and DEPUTY SPENCER RASSIER were done with deliberate and reckless disregard of the injury to the Plaintiff, GAYLE ROBERT ANEST.

7.48    That SPOKANE COUNTY and SPOKANE COUNTY SHERIFF'S OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT by custom, policy, or practice caused the deprivation of the rights of GAYLE ROBERT ANEST.

7.49    That as a result of the violations to GAYLE ROBERT ANEST's Washington State and United States Constitutional Rights, GAYLE ROBERT ANEST suffered and continues to suffer injury as a result of his unlawful detention and injuries.

**VIII.   CAUSE OF ACTION FOR EXCESSIVE FORCE & ASSAULT/BATTERY**

Plaintiff GAYLE ROBERT ANEST re-alleges and incorporates paragraphs 4.1 to 4.42 as paragraphs 8.1 to 8.42.

8.43    The physical force used by the Defendant DEPUTY JEFFREY THURMAN and DEPUTY SPENSER RASSIER and against GAYLE ROBERT ANEST caused bodily harm was an unjustified use of excessive force.

8.44    That the Plaintiff, GAYLE ROBERT ANEST was not resisting arrest in any way to justify the actions and the level of force used by DEPUTY JEFFREY THURMAN and DEPUTY SPENSER RASSIER.

8.45    That the actions of the Defendant DEPUTY JEFFREY THURMAN and DEPUTY SPENSER RASSIER were outside the scope of necessary and reasonable force that

should have been used to detain a senior citizen which caused injury to GAYLE ROBERT ANEST.

8.46  That SPOKANE COUNTY, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE SHERIFF's OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT are liable for the actions of their Deputies when using unnecessary and unreasonable force as they by policy, custom, and practice supported the actions of their Deputies by failing to attempt or use de-escalation practices when using physical force to subdue non-violent individuals suspected or believed by police to be involved in criminal acts.

8.47  That SPOKANE COUNTY, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE SHERIFF's OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT and its Deputy Sheriffs, including the individually named defendants, engage in a pattern or practice and have failed to act and/or follow and implement a continuum of force policy to prevent the unnecessary escalation of force when dealing with Plaintiff and other members of the public, which is the moving force depriving Plaintiff of his deprivation of the aforementioned constitutional rights violations.

8.48  That SPOKANE COUNTY, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE SHERIFF's OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT and its Deputy Sheriffs, including the individually named defendants, engage in a pattern or practice of the use of excessive force on subjects who are already taken into custody, handcuffed or otherwise restrained.  These uses of force are unjustified based on the diminished threat posed by the restrained suspects and the force inflicted significant injuries upon the Plaintiff.

8.49    That SPOKANE COUNTY, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE SHERIFF's OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT and its Deputy Sheriffs, including the individually named defendants, engage in a pattern or practice of the use of excessive force by using multiple deputies at a time against a single subject in a manner that is constitutionally excessive.

8.50    That SPOKANE COUNTY, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE SHERIFF's OFFICE and the SPOKANE VALLEY POLICE DEPARTMENT and its Deputy Sheriffs, including the individually named defendants, engage in a pattern or practice of using necessary or excessive force in the course of arresting individuals for minor offenses in violation of the constitutional rights of the individuals.

### IX. CAUSE OF ACTION PURSUANT TO AGENCY THEORY

Plaintiff GAYLE ROBERT ANEST re-alleges and incorporates paragraphs 4.1 to 4.42 as paragraphs 9.1 to 9.42.

9.43    That SPOKANE COUNTY is liable for actions of its agent, SPOKANE COUNTY SHERIFF'S OFFICE and SPOKANE VALLEY POLIC DEPARTMENT, on its behalf where they by custom, policy, or practice encouraged the acts of their employees.

9.44    That as a result of the actions or inactions of SPOKANE COUNTY, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, DEPUTY JEFFREY THURMAN, DEPUTY SPENCER RASSIER, and DEPUTIES JOHN & JANE DOES 1-10, GAYLE ROBERT ANEST suffered and continues to suffer injury as a result of the excessive use of force used to detain him and injuries, including but not limited to physical, psychological, and emotional.

# X. CAUSE OF ACTION PURSUANT TO THE DOCTRINE OF RESPONDEAT SUPERIOR

Plaintiff GAYLE ROBERT ANEST re-alleges and incorporates paragraphs 4.1 to 4.42 as paragraphs 10.1 to 10.42.

10.43  That the Defendants SPOKANE COUNTY, SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE and SPOKANE VALLEY POLICE DEPARTMENT are liable for the actions of their employees where they encouraged the acts by custom, policy, or practice under the doctrine of Respondeat Superior which resulted in the causation of and failure to prevent injury to GAYLE ROBERT ANEST.

10.44  That as a result of the actions or inactions of the employees of SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT and SPOKANE COUNTY, GAYLE ROBERT ANEST suffered and continues to suffer injury as a result of the excessive force used to detain him and injuries, including but not limited to, physical, psychological, and emotional.

## XI. CAUSE OF ACTION FOR NEGLIGENT TRAINING, RETENTION AND SUPERVISION

Plaintiff GAYLE ROBERT ANEST re-alleges and incorporates paragraphs 4.1 to 4.42 as paragraphs 11.1 to 11.42.

11.43  That Defendants SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY, are liable for the actions of their employees for failing to train said employees in procedures involving police searches, interactions with citizens, and training to prevent the use of excessive force which resulted in the injury to GAYLE ROBERT ANEST.

11.44  That as a result of the actions or inactions of the employees of SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY, GAYLE ROBERT ANEST suffered and continues to suffer injury.

11.45  That SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY failed to adequately and fully train law enforcement officers, resulting in the injury of GAYLE ROBERT ANEST.

11.46  That as a result of the negligent training, GAYLE ROBERT ANEST suffered and continues to suffer injury.

11.47  That Defendants SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY, are liable for the actions of their employees for failing to supervise said employees in procedures involving police searches and interactions with citizens, which resulted in the injury to GAYLE ROBERT ANEST.

11.48  That as a result of the actions or inactions of the employees of SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE VALLEY POLICE DEPARTMENT, SPOKANE COUNTY SHERIFF'S OFFICE, and SPOKANE COUNTY, GAYLE ROBERT ANEST suffered and continues to suffer injury.

11.49  That SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY failed to adequately and fully supervise law enforcement officers, resulting in the injury of GAYLE ROBERT ANEST.

11.50  That as a result of the negligent supervision, GAYLE ROBERT ANEST suffered and continues to suffer injury.

11.51  That Defendants SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY, are liable for the actions of their employees for failing to discharge DEPUTY JEFFREY THURMAN and DEPUTIES JOHN & JANE DOES 1-10, who were known to have been involved in improper action or criminal activity against citizens both suspected of crimes and improperly and unlawfully suspected of crimes, which resulted in the injury to GAYLE ROBERT ANEST.

11.52  That SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY encouraged such actions by custom, policy, and practice of not removing Deputies who were unnecessarily violent.

11.53  That as a result of the actions or inactions of SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH, SPOKANE COUNTY SHERIFF'S OFFICE, SPOKANE VALLEY POLICE DEPARTMENT, and SPOKANE COUNTY, GAYLE ROBERT ANEST suffered and continues to suffer injury.

11.54  That as a result of the negligent retention, GAYLE ROBERT ANEST suffered and continues to suffer injury.

## XII. RELIEF SOUGHT

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount that will fairly compensate the Plaintiff for all damages sustained, costs, and reasonable attorneys' fees and costs, interest calculated at the maximum amount allowable

by the law, and any other relief the Court deems just, including but not limited to:

    a. Past and future medical expenses.

    b. Past and future emotional and psychological counseling costs.

    c. Past and future loss of earnings.

    d. Permanent and partial impairment of earnings and earning capacity.

    e. Pain and suffering.

    f. Past and future permanent and partial disability.

    g. Loss of enjoyment of life.

    h. Past and future special damages.

    i. Interest calculated at the maximum amount allowable by law, including prejudgment interest.

    j. Injunctive relief to prevent future actions to protect others similarly situated.

    k. Punitive damages.

    l. Actual or compensatory damages.

    m. Nominal damages.

    n. Attorneys' fees and cost.

    o. Cost and disbursements herein in an amount to be proven at the time of trial.

    p. Such other relief as the Court believes is equitable and just.

DATED this 16th day of April, 2018.

                                      */s/ Douglas D. Phelps*
                                      DOUGLAS D. PHELPS
                                      WSBA#22620